

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00214-CR
No. 07-13-00215-CR
_____

JEENA ROBERTS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court Nos. 2010-429389 & 2010-429390, Honorable Jim Bob Darnell, Presiding

July 23, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pursuant to pleas of guilty, Appellant, Jeena Roberts, was convicted of intoxicated assault with a vehicle causing serious bodily injury,[1] enhanced, and sentenced to eight years confinement. She was also convicted of intoxicated

---
[1]TEX. PENAL CODE ANN. § 49.07(a)(1) (WEST 2011).

manslaughter with a vehicle,[2] enhanced, and sentenced to fifteen years confinement. Sentence was imposed on in both causes on January 21, 2013.[3] The *Trial Court's Certifications of Defendant's Right to Appeal* indicate the cases are plea-bargain cases with no right of appeal. A motion for new trial was filed in each cause. On July 10, 2013, Appellant filed a notice of appeal in each cause. The notice details that Appellant "was led to believe, by the documents signed, that she had no right to appeal" when she had a right to appeal a written motion to suppress ruled on before trial pursuant to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. We dismiss these purported appeals for want of jurisdiction.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex.Crim.App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Where, as here, motions for new trial were filed, the notices of appeal were due to be filed within ninety days after the day sentences were imposed. TEX. R. APP. P. 26.2(a)(2). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and also files a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. *See* TEX. R. APP. P. 26.3.

---

[2]TEX. PENAL CODE ANN. § 49.08(a) (WEST 2011).

[3]Although both judgments reflect sentence to commence on January 7, 2013, the trial court signed written orders correcting the date to January 21, 2013.

The limited documents filed in these appeals reflect that Appellant's sentences were imposed on January 21, 2013. Even applying the fifteen day extension period to the due date, the last possible date to file the notices of appeal was Monday, May 6, 2013. The notices filed on July 10, 2013, fall outside that deadline. Appellant's untimely filed notices of appeal, regardless of the circumstances, prevent this Court from acquiring jurisdiction over the appeals.[4]

Consequently, these appeals are dismissed for want of jurisdiction.


Patrick A. Pirtle
Justice


Do not publish.

---

[4]Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (WEST SUPP. 2012).